IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALLEN DEAN WASHBURN,**

                Petitioner,

      v.                           CASE NO. 17-3172-SAC

**MARION COUNTY, KANSAS,**

                Respondent.

**MEMORANDUM AND ORDER**

This matter is before the Court on a petition for habeas corpus. Petitioner, a pretrial detainee, seeks the dismissal of the criminal charges pending against him in Marion County, Kansas, in Case No. 17CR41,[1] on speedy trial grounds. He also alleges that a conflict of interest exists between the presiding judicial officer and persons associated with the criminal case.

**Analysis**

"Habeas corpus review is available under § 2241 if one is "in custody in violation of the Constitution or laws or treaties of the United States." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)(quoting § 2241(c)(3)). As a pretrial detainee, petitioner may proceed under § 2241. *See Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007)(general grant of habeas authority under § 2241 applies to challenges to pretrial detention of a state court defendant) and *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 924 (10th Cir. 2008)(challenge to pretrial detention is proper under § 2241).

---

[1] The Court has reviewed the state court docket on-line, *see* https://www.kansas.gov, and notes that the criminal action remains pending and that petitioner has presented motions in the state district court that appear to assert the speedy trial ground that he presents here.

However, a petitioner under § 2241 must exhaust available state court remedies before proceeding in federal habeas corpus. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Although the petition suggests that petitioner has sought relief in the state district court, it does not appear that he has pursued relief in the state appellate courts. Therefore, he has not exhausted available state court remedies.

Finally, the United States Supreme Court has held that the federal courts generally should not intervene in state criminal prosecutions begun before the commencement of a federal action in which the state court defendant seeks relief from the state court proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should abstain from enjoining a state court proceeding if the state court matter (1) is ongoing, (2) provides an adequate forum to consider the petitioner's federal claims, and (3) involves important state interests. *Id*. at 43. Once these conditions are found, abstention is not discretionary, absent extraordinary circumstances that show a state court is unable to provide the petitioner with a full and fair hearing on federal claims. *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*., 319 F.3d 1211, 1215 (10th Cir. 2003).

An exception to the rule of mandatory abstention exists "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). A petitioner has a "heavy burden" to overcome the *Younger* bar by showing "more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122

F.3d 885, 889 (10th Cir. 1997)(quoting *Perez*, 401 U.S. at 85).

Here, the state criminal action against petitioner is proceeding, the state courts provide an adequate opportunity for him to present his federal claims, and the prosecution of a state court defendant is an important state interest. *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975)(applying *Younger* abstention principles and noting the *Younger* doctrine permits state courts to try state criminal cases without a federal court's interference). Therefore, the conditions identified by *Younger* are met, and the petitioner has not shown any extraordinary circumstances that excuse adherence to the *Younger* doctrine. The Court concludes this matter must be dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. 3) is granted.

**IT IS SO ORDERED.**

DATED:  This 20th day of October, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge